In the Matter of NATIONAL HOMEOWN-
ERS SALES SERVICE CORPORATION
d/b/a George Mason Hotel and George
Mason Inn, Bankrupt.

ALEXANDRIA NATIONAL BANK OF
NORTHERN VIRGINIA and United
Virginia Bank/National, Appellees,

v.

NATIONAL HOMEOWNERS SALES
SERVICE CORPORATION,
Appellant,

Savage-Fogarty Companies, Inc., Purchas-
er of George Mason Hotel as confirmed
by U. S. Bankruptcy Judge, Appellee.

No. 76-2051.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1977.

Decided May 10, 1977.

Randolph A. Sutliff, Fairfax, Va. (Ste-
phen L. Best and McCandlish, Lillard,
Bauknight, Church & Best, Fairfax, Va., on
brief), for appellant.

James M. Lewis, Alexandria, Va. (John S.
Stump and Boothe, Prichard & Dudley, Al-
exandria, Va., on brief), for appellees Alex-
andria National Bank of Northern Virginia
and United Virginia Bank/National.

Charles A. Trainum, Jr., Washington, D.
C. (Henry H. Glassie and Glassie, Pewett,
Beebe & Shanks, Washington, D. C., on
brief), for appellee Savage/Fogarty Compa-
nies, Inc.

Before WINTER, BUTZNER and HALL,
Circuit Judges.

PER CURIAM:

This is an appeal from an order of the
district court modifying and affirming an
order of the bankruptcy court.

The National Homeowners Sales Service
Corporation, finding itself in financial trou-
ble, agreed to a Chapter XI reorganization
proceeding.[1] The bankruptcy court ordered
sold the debtor's principal asset, the George
Mason Hotel, to Savage/Fogarty Compa-
nies, Inc. The district court affirmed the
sale over the objection of National. Sale of
the hotel was consummated and the debtor
now appeals.

After confirmation of the purchase
agreement by the district court, the debtor
sought and was granted a stay of execution
of the order of sale pending appeal to this
Court. The stay, however, was conditioned
on the posting of a supersedeas bond by the
debtor. Bankruptcy Rule 805. No bond
was ever posted. Savage/Fogarty then

1. Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 722 et seq.

paid the price called for in the contract and a deed to the property was executed, delivered and recorded.

The debtor contends on appeal that (1) the bankruptcy court lacked jurisdiction to order sale of the debtor's major asset under Chapter XI reorganization proceedings, (2) the sale of the hotel was improperly conducted, (3) the bankruptcy court abused its discretion in not confirming a contract for purchase of the hotel for a higher price by an affiliate of the debtor, and (4) the district court lacked jurisdiction to modify the purchase agreement.

Contrary to the debtor's assertion, the bankruptcy court had jurisdiction to order sale of the debtor's property. In Chapter XI proceedings, a court of bankruptcy has exclusive jurisdiction over the debtor and property, wherever located. 11 U.S.C. § 711.

We need not consider the debtor's other contentions because the appeal must be dismissed for mootness.

Rule 805 of the Rules of Bankruptcy and Rule 62(d) of the Federal Rules of Civil Procedure permit a district court to stay enforcement of a bankruptcy court order pending appeal. Under those rules, the district court may condition the granting of the stay upon the filing of a supersedeas bond. In that event, the filing of the petition for review does not effect a stay unless the bond is filed. *See, e. g., Country Fairways, Inc. v. Mottaz*, 539 F.2d 637, 641 (7th Cir. 1976).

This Court recently considered this issue. *In Matter of Abingdon Realty Corp.*, 530 F.2d 588 (4th Cir. 1976), involved an appeal by a bankrupt where no supersedeas bond had been filed nor a stay pending appeal otherwise effected. In holding that the bankruptcy court order was moot and affirming an order of dismissal, we said at 530 F.2d 589–90:

It is settled law that the filing of a petition to review an order of a bankruptcy judge (formerly a referee in bankrupt-

cy), does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay. [Citing cases and 2A Collier on Bankruptcy, 14th ed., 1974, ¶ 39.26, p. 1526]. A proposed amendment to Bankruptcy Rule 805, which has been approved by the Judicial Conference of the United States, would add the following sentence at the end of that rule: 'Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.' The Advisory Committee's Note states that the sentence proposed to be added 'is declaratory of existing case law.' We agree. [Citing cases, including *Fink v. Continental Foundry & Machine Co.*, 240 F.2d 369 (7 Cir. 1957), *cert. denied*, 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538, and 11 Wright & Miller, Federal Practice and Procedure: Civil § 2904, n. 31.]

Here, as in *Abingdon*, there was a confirmed sale to a good faith purchaser. Substantial investment has been made upon reliance of good title to the hotel property having vested in Savage/Fogarty. The appeal from the district court order modifying and affirming the bankruptcy court order of sale became moot in the absence of an effective stay order.

*APPEAL DISMISSED.*