735 F.2d 1294
 11 Collier Bankr.Cas.2d 240, Bankr. L. Rep. P 69,927
In re SEWANEE LAND, COAL & CATTLE, INC., Debtor.
SEWANEE LAND, COAL & CATTLE, INC., Plaintiff-Appellant,
v.
Terry LAMB, Charles Bailey Rogers, J. Edgar Hammonds and
Third National Bank, Defendants-Appellees.
 No. 83-7316.
 United States Court of Appeals,
Eleventh Circuit.
 July 6, 1984.
 
 Thomas J. Knight, Anniston, Ala., for plaintiff-appellant.
 Harry P. Long, Anniston, Ala., for Terry Lamb.
 Stephen P. Bussman, Fort Payne, Ala., for Edgar Hammonds.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, Chief Judge, HILL, Circuit Judge, and THORNBERRY*, Senior Circuit Judge.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 On January 28, 1982, Sewanee Land, Coal & Cattle, Inc., the plaintiff-appellant in this court, filed a voluntary petition in bankruptcy. The debtor's primary asset was approximately 2,700 acres of land in Chattooga County, Georgia. In May, 1982, some of the defendants-appellees (creditors) of the debtor, who held mortgages on the land, requested that the bankruptcy court set aside the automatic stay, 11 U.S.C. Sec. 362, to allow them to foreclose their mortgages. The creditors based their claim on subsection 362(d), which empowers the court to set aside the stay upon a showing that the creditor's interest is not adequately protected. The bankruptcy court granted the requested relief; however, that court stayed its order pending appeal to the district court. The district court affirmed, but refused to grant a stay pending appeal to this court. This court also refused an application for a stay. The debtor asserts on appeal that it was error for the bankruptcy court to have lifted the stay and wants that order reversed. The property has been sold to the creditors at foreclosure, and the debtor asserts that the sale should be rescinded and the property returned. We hold that we are unable to grant relief to the debtor in this case; we therefore dismiss this appeal as moot.
 
 
 2
 In some situations, failure to obtain a stay pending appeal will render the case moot. As the predecessor to this court stated in American Grain Association v. Lee-Vac, Ltd., 630 F.2d 245 (5th Cir.1980):
 
 
 3
 Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right to appeal, the "consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final ...." 9 J. Moore, Federal Practice p 208.03, at 8-9 (2d Ed.1979). Thus, in the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court's decree. As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot. Moore, id. at 8-10.
 
 
 4
 630 F.2d at 247.
 
 
 5
 In the past, this situation was governed by Rule 805 of the old rules of bankruptcy procedure[1], which stated:
 
 
 6
 Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser ... knows of the pendency of the appeal.
 
 
 7
 See generally Greylock Glen Corp. v. Community Savings Bank, 656 F.2d 1 (1st Cir.1981); In re Shaw, 16 B.R. 875 (Bkrtcy. 9th Cir.1982). Both Greylock Glen and Shaw involved factual situations identical to the one in the present case: the creditor purchased property at a foreclosure sale, and the debtor failed to obtain a stay pending appeal. In both cases, the court held that the failure to obtain a stay rendered the case moot.
 
 
 8
 The new bankruptcy rules do not contain a rule equivalent to old rule 805.[2] Thus, the debtor argues that we can simply remand this case with directions that the bankruptcy court order the creditors to transfer the property back. The debtor relies on the American Grain Association case, in which the court indicated that former rule 805 "does not, of course, bar appeal where appellant seeks relief vis-a-vis the debtor rather than the third party." 630 F.2d at 248 (dicta). An examination of that case reveals that this situation is not the one envisioned by the court, however. In American Grain, the debtor had subleased certain property; the sublease provided that the debtor was required to obtain consent from his immediate lessor before further subleasing or assigning his lease to the property. The bankruptcy court found that the immediate lessor had unreasonably withheld consent for such a transaction and approved the further sublease. The appellate court held that the further sublease could not be affected on appeal; however, the immediate lessor would be free to press a claim against the debtor for damages for breach of the covenant against further subleases or assignments. Id.
 
 
 9
 Although the new Rules and Code have no provision equivalent to former Rule 805 that would apply in this situation, we nevertheless believe that cases decided under the former rule, such as Greylock Glen and Shaw, are helpful in our consideration of this case. As the advisory committee's note stated when former Rule 805 was amended to include the language quoted above, the rule change simply reflected existing law. See In re Roberts Farms, Inc., 652 F.2d 793, 796 (9th Cir.1981); In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir.1976); Country Fairways, Inc. v. Mottaz, 539 F.2d 637, 641 (7th Cir.1976). An examination of cases decided before the rule was amended verifies the statement of the advisory committee. See, e.g., In re Combined Metals Reduction Co., 557 F.2d 179 (9th Cir.1977); Country Fairways, 539 F.2d 637 (affirming district court's dismissal of appeal from bankruptcy court). Indeed, in Country Fairways, as was the case in Shaw and Greylock Glen, the purchaser was a party to the appeal. Id. at 637 & 641.
 
 
 10
 As is evidenced by both cases decided under former Rule 805, see Greylock Glen; Shaw, and before the rule became effective, Country Fairways, this case is moot because we are powerless to grant relief even though the purchasers are parties to the appeal. The appeal therefore is
 
 
 11
 DISMISSED AS MOOT.
 
 
 
 *
 Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The foreclosure sale occurred after August 1, 1983, the date the new Bankruptcy Rules became effective
 
 
 [2]
 Subsection 363(m) of the Code states:
 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of the sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 11 U.S.C. Sec. 363(m). This subsection specifically refers to sales authorized under subsection 363(b) or 363(c), which grant the trustee power to sell property of the debtor in certain circumstances. See In re Exennium, 715 F.2d 1401 (9th Cir.1983). Thus, section 363(m) does not apply in this case, in which the bankruptcy court set aside the automatic stay and allowed the creditor to foreclose its lien on the debtor's property.