**In re DAWKINS & ASSOCIATES, INC., Debtor.**

**Bankruptcy No. 83–335–Orl–BK–GP.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 16, 1986.

On September 4, 1985, trustee for debtor's estate, William F. Beemer, filed a Report and Notice of Public Auction and/or Alternatively Report and Notice of Abandonment. In this Report, trustee sought authority to sell his interest in the claims constituting an account receivable against the City of Orlando. M.E. Dawkins and debtor filed objections to the auction. The Court overruled these objections by Order of October 24, 1985, and authorized the trustee to proceed with the auction sale as scheduled for October 29, 1985.

The auction took place as scheduled and was attended by M.E. Dawkins and representatives of the City of Orlando who both actively participated in the bidding on the account receivable claim. This sale was advertised in the *Orlando Sentinel* and flyers were mailed to some 150 persons and parties normally interested in bankruptcy estate auctions. Competitive bidding took place with the items being sold to the highest bidder. Payment was received by the debtor's estate.

On November 4, 1985, M.E. Dawkins filed his Notice of Appeal of the Order of October 24, 1985, overruling the objections to Report and Notice of Sale filed by trustee. A motion by Dawkins for stay pending appeal was filed on November 14, 1985.

Patrick A. McGee, Orlando, Fla., for Dawkins.

William F. Beemer, Orlando, Fla., trustee.

Susan F. Murphy, Orlando, Fla., for debtor.

K. Rodney May, Orlando, Fla., for City of Orlando.

## ORDER DENYING MOTION BY M.E. DAWKINS FOR STAY PENDING APPEAL

GEORGE L. PROCTOR, Bankruptcy Judge.

Upon consideration of the argument and briefs submitted by the parties, the Court denies motion of M.E. Dawkins for stay pending appeal.

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In the instant matter, the sale of the account receivable claim against the City of Orlando was sold in accordance with subsection (b) of § 363 of the Bankruptcy Code. This sale was conducted in a commercially reasonable manner with the ac-

count receivable claim against the City of Orlando being sold to a goodfaith purchaser for value. No appeal of the trustee's authorization to proceed with the auction was filed until after the sale had taken place, nor did any interested party move to stay such auction prior to the actual sale. Consequently, reversal or modification of this Court's October 24, 1985, decision will have no affect on the validity of the subject sale. *See* 11 U.S.C. § 363(m). Motions for stay pending appeal filed after the subject sale has occurred are moot. *See In re Matter of Willemain*, 764 F.2d 1019, 13 B.C.D. 415 (4th Cir.1985); *Hoese Corporation v. Vetter Corporation*, 724 F.2d 52, 11 B.C.D. 539 (7th Cir.1983). *See also In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d 1294 (11th Cir.1984). (Court recognizes 11 U.S.C. § 363(m) in footnote 2.)

Accordingly, the Court finds:

1. The account receivable claim against the City of Orlando was sold to a goodfaith purchaser for value and is no longer part of the debtor's estate.

2. The Court lacks jurisdiction over the purchaser of the account receivable claim to prevent the purchaser from further selling, assigning, or transferring the claim.

3. The likelihood that the account receivable claim will be sold, assigned, or transferred pending appeal is negligible since the claim was purchased by the City of Orlando.

4. M.E. Dawkins failed to sustain his burden of showing likelihood of success on appeal based on the merits.

It is, therefore,

ORDERED that the motion by M.E. Dawkins for stay pending appeal filed on November 14, 1985, is DENIED.