**In re B–K OF KANSAS, INC., Debtor.**

Bankruptcy No. 85–20110.
Civ. A. No. 88–2627.

United States District Court,
D. Kansas.

March 21, 1989.

Dan E. Turner, Phillip L. Turner, Topeka, Kan., Mark Klein, Kansas City, Mo., Michael H. Berman, Prairie Village, Kan., for plaintiffs.

James S. Willard, Scott, Quinlan & Hecht, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on debtor's appeal from the Bankruptcy Court's Memorandum and Order dated December 16, 1987. In that order, the Bankruptcy Court approved the sale of property located at 1101 Kansas Avenue, Topeka, Kansas. The court has carefully reviewed the parties' submissions and the record and has determined that appellant's appeal must be dismissed as moot.

On November 10, 1987, the Trustee filed an amended motion to sell property. All parties were notified of this motion. On December 8, 1987, the debtor filed an objection to the proposed sale, claiming that the price was too low. The Bankruptcy Court held a hearing on the matter on December 15, 1987, at which hearing the debtor did not appear. After the Bankruptcy Court approved the sale, debtor

moved to stay further proceedings pending appeal, which motion was denied December 30, 1987. The property was thereafter sold.

Section 363(m) of the Bankruptcy Code provides in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith....

11 U.S.C. § 363(m). Therefore, if an appeal is sought without a stay, the district court cannot grant relief because it cannot overturn the sale. *See, e.g., Ballou Construction Co., Inc. v. United States,* 706 F.2d 301, 304–05 (10th Cir.1983); *accord, In re Sewanee Land, Coal & Cattle, Inc.,* 735 F.2d 1294, 1296 (11th Cir.1984); *In re Vetter Corp.,* 724 F.2d 52, 55 (7th Cir. 1983); *In re Exennium, Inc.,* 715 F.2d 1401 (9th Cir.1983). In this case, the debtor's failure to obtain a stay pending appeal allowed the sale of the property to be completed, thus rendering this appeal moot. *Ballou,* 706 F.2d at 304–05.

 Appellee Highland Park Bank and Trust Company moves the court for fees as a sanction under Federal Rule of Civil Procedure 11. The court finds such a sanction appropriate for several reasons. First, had debtor's counsel made an even cursory attempt at researching the issue, he would have quickly discovered that debtor's appeal was moot. Second, half of the issues presented on appeal were not raised below, and were therefore not properly before the court. Third, debtor's brief is notably lacking in citations to case authority. As one appellee described it, the debtor's brief is nothing more than "incessant ramblings." Finally, the court finds the decision to appeal a rather audacious one, given the fact that the debtor and his counsel did not feel it important enough to attend the hearing at which the Bankruptcy Court entertained arguments regarding the sale of the property. The court has therefore determined that Rule 11 sanctions are extremely appropriate and will tailor its order accordingly.

IT IS THEREFORE ORDERED that debtor's appeal is dismissed as moot.

IT IS FURTHER ORDERED that as a sanction under Federal Rule of Civil Procedure 11, debtor's counsel, Dan E. Turner and Phillip L. Turner, are hereby ordered to pay appellees Highland Park Bank's and Trustee Michael H. Berman's reasonable expenses, including attorneys' fees, incurred in responding to debtor's appeal. Appellees are directed to submit separate affidavits detailing the expenses incurred in responding to debtor's appeal no later than March 31, 1989. Debtor will be given until April 10, 1989, to object to the expenses requested.