The **OFFICIAL COMMITTEE OF SENIOR UNSECURED CREDITORS OF FIRST REPUBLICBANK CORPORATION**, Appellant,

v.

**FIRST REPUBLICBANK CORPORATION and IFRB Corporation,** Appellees.

Civ. A. No. 3–89–0143–T.

United States District Court, N.D. Texas, Dallas Division.

June 19, 1989.

Hugh M. Ray, James Donnell, Douglas Bacon, Houston, Tex., for appellant; Andrews & Kurth, R. Terry Bell and Van Oliver, Dallas, Tex., of counsel.

Robert J. Rosenberg and Bennett J. Murphy, Latham & Watkins, New York City, for Official Committee of Jr. Unsecured Creditors of First RepublicBank Corp.

Ronald S. Orr, Lindsee P. Granfield, Deborah L. Schrier–Rape, and Andrew B. Ross, Gibson Dunn & Crutcher, Dallas, Tex., for appellees.

Martin J. Bienenstock, Pamela B. Corrie, and Martin A. Sosland, Weil Gotshal & Manges, Dallas, Tex., for IFRB Corp.

### ORDER OF DISMISSAL

MALONEY, District Judge.

This is an appeal from an order of the Bankruptcy Court dated December 16, 1988, approving the sale of assets of Appellees' (the debtors) estate outside the ordinary course of business. The appeal presents a somewhat novel issue of law in this district regarding the reviewability of a bankruptcy court's order allowing a sale of assets under 11 U.S.C. § 363(b), or, as argued by Appellant's counsel to the Bankruptcy Court, the ability of the bankruptcy court to "shoot the dog." [1] The Bankruptcy Court ultimately shot the dog by entering its order approving the sale of assets. Appellant did not seek a stay from this Court pending appeal of that order. This Court therefore finds that the dog is dead and the appeal is moot.

#### Background Facts

Appellees filed petitions for relief under Chapter 11 of the Bankruptcy Code on July 30, 1988. On August 14, 1988, the United States Trustee appointed Appellant and the Official Committee of Junior Unsecured Creditors as the statutory creditors' committees in First RepublicBank Corporation's Bankruptcy Proceedings.

On November 21, 1988, Appellees filed their Motion for Order (1) Approving a Sale of Property of the Estates Outside the Ordinary Course of Business; (2) Ratifying Certain Corporate Acts; (3) Preserving Certain of Debtors' Rights Vis-a-Vis Each Other; and (4) Approving Compromise of a Controversy. The motion sought permission from the Bankruptcy Court to consum-

---

1. At the hearing on Appellees' motion for order approving the sale of assets, counsel for Appellant analogized the Appellees' position on the sale of assets to the January, 1973 issue of National Lampoon Magazine. The cover of that issue showed a white dog with a revolver pointed at its head, and the caption read, "If you don't buy this magazine, we'll kill this dog."

mate a Purchase Agreement between the Appellees and NCNB Texas National Bank ("NCNB Texas"). The terms of the sale were basically that Appellees would transfer the stock of First RepublicBank Services Corporation and First RepublicBank Integrated Processing Corporation ("the Services Companies") to NCNB Texas and would dismiss with prejudice a suit pending in state court against NCNB Texas, in exchange for $55 million cash from NCNB Texas.

On December 12, 1988, Appellant filed its Limited Objection to Appellees' motion for approval of the transaction. Appellees filed their response to the objection on December 14, 1988. The Bankruptcy Court held a hearing on Appellees' motion on December 14, 1988, and entered its findings of fact and conclusions of law on December 16, 1988. The Bankruptcy Court found that the proposed sale complied with 11 U.S.C. §§ 363(b) and (f), and authorized the sale. Also on December 16, 1988, Appellant moved the Bankruptcy Court for a stay pending appeal, which the Bankruptcy Court denied the same day. Instead, the Bankruptcy Court stayed effectiveness of its order only until noon, December 19, 1988. Appellant did not seek a stay pending appeal from the District Court, and Appellees consummated the sale of assets at noon on December 19, 1988. On December 19, 1988, Appellant filed its Notice of Appeal, seeking reversal of the Bankruptcy Court's order dated December 16, 1989.

On appeal, Appellant essentially asserts that the purchase transaction constituted an impermissible *sub rosa* plan of reorganization that denied Appellees' creditors the Chapter 11 due process protections owed to them. In response, Appellees assert that this appeal is moot. For the reasons explained below, the Court is of the opinion that this appeal is moot and should be dismissed.

### Discussion

■ It is well-settled that if a party appeals from an order authorizing a sale but does not procure a stay of the order pending appeal and the sale is properly consum-

mated, the appeal will be dismissed as moot. *See In re Onouli–Kona Land Co.,* 846 F.2d 1170 (9th Cir.1988) (mootness rule applies when appellant has failed to obtain a stay from an order that permits sale of debtor's assets); *In re Sewanee Land, Coal & Cattle, Inc.,* 735 F.2d 1294 (11th Cir.1984) (although as general rule a party need not seek stay of lower court's judgment in order to protect right to appeal, failure to obtain stay permits prevailing party to treat judgment as final and act on it); *In re Vetter Corporation,* 724 F.2d 52 (7th Cir.1983) (party who appeals bankruptcy court's order authorizing sale of debtor's assets to a good faith purchaser must obtain stay during appeal, otherwise issue becomes moot on appeal); *Matter of Bleaufontaine, Inc.,* 634 F.2d 1383 (5th Cir. 1981) (where no stay of sale order is obtained, appellate court cannot affect sale and appeal is dismissed as moot); *American Grain Association v. Lee–Vac, Ltd.,* 630 F.2d 245 (5th Cir.1980) (in absence of stay of lower court's judgment, irreversible acts may be taken in reliance on judgment, making appeals court powerless to grant relief; under such circumstances appeal will be dismissed as moot).

■ The basis for the foregoing rule is found in 11 U.S.C. § 363(m), which states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

That section recognizes that a sale such as that in the instant action should not be undone once consummated, absent lack of good faith on the part of the purchaser, and effectively denies Appellant any relief in this case.

■ The December 16, 1988, order of the Bankruptcy Court approved the sale of the Services Companies to NCNB Texas pursuant to §§ 363(b) and (f) of the Bank-

ruptcy Code. The sale was consummated after the order was final and while no stay was in effect.[2] Pursuant to § 363(m) and the authorities cited above, this Court is of the opinion that it can fashion no relief.

Appellant raises two issues in response to Appellees' mootness argument which the Court will address briefly. First, Appellant argues that a completed sale of property is not moot under § 363(m) unless the Bankruptcy Court makes a specific finding that the purchaser of such property acted in good faith. In support of this argument, Appellant cites *In re Bleaufontaine Inc.,* 634 F.2d 1383 (5th Cir.1981). However, in that case, the Fifth Circuit did not require such a finding, and it is unclear whether such a finding is necessary. *See e.g., In re Zinke,* 97 B.R. 155 (E.D.N.Y.1989) (provision of Bankruptcy Code insulating authorized sale from appeal unless authorization of sale is stayed pending appeal did not require bankruptcy court to make explicit finding of "good faith" prior to authorization of sale). In *Matter of Andy Frain Services, Inc.,* 798 F.2d 1113 (7th Cir.1986), the appellate court itself made the determination of whether the purchaser was in good faith.

Appellant argues that, "[T]he record is replete with the Committee's objections that this was a contrived emergency sale and that adequate information concerning the transactions had not been given to creditors."[3] However, Appellant does not cite to a single instance where it made an objection. Significantly, Appellant's Limited Objection to Debtors' Motion for Order, filed December 12, 1988, is devoid of any allegations of bad faith on the part of NCNB Texas.

 Further, even if Appellant had put its current objections properly before the Bankruptcy Court, they are not of the nature that would put NCNB Texas' good faith into issue as "good faith" is meant in § 363(m). The type of conduct of a purchaser which would destroy its good faith status in § 363(m) involves fraud, collusion between the purchaser and other bidders of the trustee, or an attempt to take grossly unfair advantage of other bidders. *Matter of Bleaufontaine, Inc.,* 634 F.2d at 1388, n. 7. *See also In re Rock Industries Machinery Corp.,* 572 F.2d 1195 (7th Cir.1978) (requirement that purchaser act in good faith speaks to integrity of his conduct in course of sale proceedings); *Matter of Andy Frain Services, Inc.,* 798 F.2d 1113 (7th Cir.1986). Rather, the conduct of NCNB Texas to which Appellant now objects and alleges indicates lack of good faith, occurred before the sale of the assets and does not include fraud, collusion, or an attempt to take grossly unfair advantage of other bidders.

 Therefore, if in fact a finding of the purchaser's good faith is required for the sale to be insulated from reversal pursuant to § 363(m), the burden is on the party contesting the sale on the basis of lack of good faith to properly put the issue before the Bankruptcy Court for ruling. Appellant failed to do so, and cannot be

**2.** Bankruptcy Rule 9014 makes Rule 62 of the Federal Rules of Civil Procedure applicable to "Contested Matters" and therefore this to case. Rule 62 stays execution upon a judgment until the expiration of 10 days after its entry. Bankruptcy Rule 9001(7) defines "judgment" as any appealable order. The parties do not contest that the Bankruptcy Order of December 16, 1988 is appealable, and this Court so holds. *See Matter of Greene County Hospital,* 835 F.2d 589 (5th Cir.1988). Therefore, the Bankruptcy Court's order of December 16, 1988, was automatically stayed for ten days following its entry. *See In re Sun Valley Ranches, Inc.,* 823 F.2d 1373 (9th Cir.1987); *see also In re de Jesus Saez,* 721 F.2d 848 (1st Cir.1983). However, after denying Appellant's motion for stay pending appeal, the Bankruptcy Court ordered that the December 16, 1988, order only be stayed until noon on December 19, 1988, thereby shortening the automatic stay. Although no party is contesting the Bankruptcy Court's ability to do so, this Court is of the opinion that such action is within the discretion of the Bankruptcy Court, and because the court found that the value of the Services Companies was quickly diminishing and in danger of disappearing completely, the shortening of the automatic stay with notice to the parties was appropriate under the circumstances and not an abuse of discretion.

**3.** Reply Brief of Appellant The Official Committee of Senior Unsecured Creditors of First RepublicBank Corporation, filed February 27, 1989, at 7. The court therefore allowed a "corporate cleanup" of Appellees' records.

heard on appeal to complain about a lack of finding by the Bankruptcy Court below.

 Second, Appellant argues that even if the sale of assets is not subject to reversal in the absence of a stay pending appeal, the "corporate cleanup"[4] and compromise of claims authorized by the December 16, 1988, order are not protected by § 363(m). This argument must also fail. The compromise of the Appellees' claims against NCNB Texas and the "corporate cleanup" were terms of the Purchase Agreement of which the Bankruptcy Court approved. The sale of the Services Companies cannot now be separated from the terms on which the sale was made.

The court in *Matter of Andy Frain Services, Inc.*, 798 F.2d 1113 (7th Cir.1986) was presented with a similar argument. In that case, a term included in the purchase agreement for the debtor's assets was the compromise of various claims among interrelated entities. The appellant failed to obtain a stay of the order authorizing the sale pending appeal. On appeal, the appellant argued that even if the sale of assets was moot, certain elements of the sale agreement were still fair game on appeal. In rejecting the appellant's argument, the court stated:

> "If a party could wilfully ignore the law [by not seeking a stay pending appeal] ... and then upset a sale to a good faith purchaser by attacking specific terms of the sale agreement, section 363(m) would be meaningless. Given the important role section 363(m) plays in assuring a good faith purchaser at a bankruptcy sale good title, we find that the sale, including all of its terms, cannot be challenged on appeal when the appellant fails to obtain a stay.

*Matter of Andy Frain Services, Inc.*, 798 F.2d at 1127.

This Court therefore concludes that the "corporate cleanup" and the compromise of claims which were included in the Purchase Agreement and approved by the Bankrupt-

cy Court as part of the Purchase Agreement cannot, on appeal, be separated from the sale of the Services Companies, especially in light of the fact that Appellant failed to obtain a stay of the Bankruptcy Court's order pending appeal.

It is therefore ORDERED that the appeal of the Bankruptcy Court's order dated December 16, 1988, is dismissed as moot.

**4.** The Bankruptcy Court found that, "Various documents, instruments and records regarding the organization, capitalization, corporate existence and activities of the Services Companies and their predecessor corporations are either missing, incomplete or were not issued or executed." Transcript of Ruling on December 16, 1988, p. 11, 1., 4–8.