2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmie D. WEATHERFORD, Minnie Rae Weatherford, Appellants,
v.
William Mark BONNEY, Security First National Bank, Appellees.
 No. 93-7010.
 United States Court of Appeals, Tenth Circuit.
 Aug. 12, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Debtors-Appellants Weatherfords appeal the district court's Order of December 23, 1992, attached hereto, holding that the Weatherfords' appeal from the bankruptcy court's order denying their Motion to Vacate Discharge and to Dismiss Case is moot. On that basis, the district court dismissed the appeal.
 
 
 3
 This case involves protracted litigation. The order appealed from arose in a Chapter 7 bankruptcy proceeding. The trustee filed a Motion to Compromise Controversies wherein he sought bankruptcy court approval to compromise and settle claims of the bankruptcy estate against the creditor-appellee, Security First National Bank, Hugo, Oklahoma. The debtors-appellants opposed the motion. After the bankruptcy court granted the Trustee's motion while denying appellant's motion, appellants appealed to the district court without obtaining a stay or posting a supersedeas bond.
 
 
 4
 The bankruptcy court conducted a full trial on the motions and, as a result, the court lifted the automatic stay to allow Security Bank to proceed with Sheriff's Sales of Weatherford Minerals given as security of a $1,500,000 loan to Oklahoma Stone, Inc., and Weatherford Real Estate to secure a $163,834.60 indebtedness owing by Weatherfords. Under the compromise and settlement, Security Bank acquired all outstanding claims of the Weatherfords' bankruptcy estate and caused them to be satisfied and paid the Trustee $10,000.00. Security Bank completed negotiations with the creditors to purchase their claims and obtained bankruptcy court approval. The compromise and settlement resulted in the payment of all creditors except Security Bank which retained an $81,193.20 claim.
 
 
 5
 We agree that Weatherfords' failure to seek a stay of the bankruptcy court's order lifting the automatic stay or posting a supersedeas bond, while Security Bank proceeded, in good faith, to dispose of assets in accordance with the compromise and settlement renders this appeal moot under Bankruptcy Rule 8005 and 11 U.S.C. Sec. 363(m). Generally, an appeal should be dismissed as moot when events occur which prevent the court of appeals from granting effective relief. In re Pub. Serv. Co., 963 F.2d 469 (1st Cir.), cert. denied, 113 S.Ct. 304 (1992); In re Ewell, 958 F.2d 276 (9th Cir.1992); In re Onouli-Kona Land Co., 846 F.2d 1170 (9th Cir.1988); In re Sewanee Land, Coal & Cattle Co., 735 F.2d 1294 (11th Cir.1984); Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir.1983); In re Bel Air Assocs., Ltd., 706 F.2d 301 (10th Cir.1983); Country Fairways, Inc. v. Mottaz, 539 F.2d 637 (7th Cir.1976).
 
 
 6
 We affirm substantially for the reasons set forth in the district court's order which is attached hereto.
 
 EXHIBIT A
 
 7
 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
 
 OF OKLAHOMA
 
 8
 Jimmie Darrell Weatherford d/b/a J.D. Weatherford and Minnie
 
 Mae Weatherford, Appellants
 
 9
 v.
 
 
 10
 William Mark Bonney, Trustee, et al., Appellees
 
 No. CIV-92-417-S
 ORDER
 Dismissing Appellants' Appeal as Moot
 
 11
 On May 22, 1992, Bankruptcy Judge Ryan entered an order granting and approving the trustee's Motion to Compromise Controversies and denying the debtors' (appellants') Motion to Vacate Discharge and to Dismiss Case. (Docket entry # 193). On June 1, 1992, appellants filed their Notice of Appeal of that order (Docket entry # 198), but appellants did not file a supersedeas bond, move for a stay of, or seek other relief from that order pending appeal. Bankruptcy Rule 8005.
 
 
 12
 Thereafter, in good faith, pursuant to the Bankruptcy Court's order approving and granting trustee's Motion to Compromise Controversies, the bankruptcy estate trustee, appellee William Mark Bonney ("Trustee"), and a bankruptcy estate creditor, appellee Security First National Bank, Hugo, Oklahoma ("Security"), made payments and assigned creditors' claims, executed releases for claims, and the Trustee assigned all remaining assets of the bankruptcy estate to Security. Additionally, based upon the Bankruptcy Court's order, the Trustee moved to dismiss, with prejudice, a related state district court action against Security, and the state district court so ordered. The Trustee made disbursement of all settlement proceeds, and filed a final report and proposed distribution in the bankruptcy estate. (Appellees' brief, pages 9 and 10).
 
 
 13
 These actions taken in good faith by the Trustee, in absence of a stay of the Bankruptcy Court's order, preclude this court from granting any effective relief to appellants. In re Bel Air Associates, Ltd., 706 F.2d 301, 304-305 (10th Cir.1983); See also, In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 297 (3rd Cir.1989) (appeal rendered moot by decision of state court); In re Block Shim Development Company--Irving, 939 F.2d 289 (5th Cir.1991) (appeal rendered moot by implementation of plan of reorganization); Bank of New England v. BWL, Inc., 121 B.R. 413, 416-419 (D.Me.1990) (appeal rendered moot by disbursement of loan proceeds).
 
 
 14
 Thus, the court finds that the issues raised in this appeal are moot, and appellants' appeal is dismissed.
 
 
 15
 IT IS SO ORDERED this 23 day of December, 1992.
 
 
 16
 /s/ Frank H. Seay
 
 FRANK H. SEAY
 United States District Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3