In re Moses D. SHAW and Mary K. Shaw, Debtors.

Jay C. MILLER, Plaintiff-Appellant,

v.

Moses D. SHAW and Mary K. Shaw, Defendants-Appellees.

BAP No. CC–81–1151–HVG.
Bankruptcy Nos. LA 80–02494 RO,
LA 80–02495 RO.
Adv. No. 80–2056 RO.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 19, 1981.

Decided Jan. 11, 1982.

David M. Stern, Stern & Miller, Santa Monica, Cal., for plaintiff-appellant.

Richard Meehan, Los Angeles, Cal., for defendants-appellees.

Before HUGHES, VOLINN and GEORGE, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

The question raised by this appeal is whether the bankruptcy court's equitable power may be used to set aside a post-bankruptcy foreclosure sale that was not subject to a stay. We hold on the facts of this case and the authority of *Hardt v. Kirkpatrick,* 91 F.2d 875 (9th Cir. 1937) *cert. denied* 303 U.S. 626, 58 S.Ct. 762, 82 L.Ed. 1088 (1938), that it may not.

## I

Miller holds a deed of trust on several parcels of real property owned by the Shaws, Chapter 11 debtors. The trial court granted Miller's request for dissolution of the automatic stay of foreclosure imposed by 11 U.S.C. § 362(a) and the debtors appealed. (That appeal will be called Shaw I). Pending appeal, however, the trial court stayed enforcement of the dissolution order for a period of 180 days.

The 180-day period (actually, two 90-day periods) was selected by the trial court on the assumption that the appeal would be concluded within that time. This assumption proved unduly optimistic. Argument in the Shaw I appeal took place on June 17, 1981, almost a month after the 180-day period (as well as the stay pending appeal) expired.

Well before the expiration date, Miller reminded Shaw that the stay would expire on May 19, 1981 and warned that the foreclosure sale would proceed on May 22, 1981 in the absence of a stay. Shaw unsuccessfully sought hearings on two occasions prior to the sale. When the application was eventually called on May 26, 1981, Miller advised the court of the foreclosure sale four days earlier.

The court, indicating its disapproval of the sale, reinstated the stay pending appeal and ordered the foreclosure sale vacated. This appeal, Shaw II, followed.

## II

*Hardt v. Kirkpatrick,* supra, controls our decision. In that case, the debtor filed under section 75 of the Bankruptcy Act for a composition or extension of his debts. While proceeding under section 75, he enjoyed the protection of section 75(*o*), which prohibited sales of the debtor's property under power of sale "at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court."

Thereafter, the debtor converted his case to bankruptcy under section 75(s). Hardt, as beneficiary under a deed of trust on Kirkpatrick's property, then caused the trustee to foreclose by power of sale. Hardt was the successful bidder. Less than a week later, debtor asked that the sale be declared void, recordation of the deed be enjoined and the creditor be held in contempt of court. The district court declared the sale invalid and enjoined interference with the debtor's possession.

The question presented on appeal was "whether, while proceedings under section 75 of the Bankruptcy Act are pending, and after the debtor is adjudged a bankrupt, a creditor may foreclose by nonjudicial sale under a deed of trust without permission of the court."

The court of appeals first inquired into whether the statutory stay of section 75(*o*) applied. Ruling that the adjudication as a bankrupt was a "disposition" of the composition or extension proposal by the court, it held that "all proceedings thereafter are governed by subsection (s) and not by subsection (*o*)". It concluded that subsection (s) provided for a judicial stay, "not an automatic one," and noted that "no order was issued by the court below enjoining the appellant from proceeding with his sale."

Having found that neither section 75(a) nor a court order stayed the sale, the court of appeals turned "to the general bankruptcy law to ascertain whether we can find any such prohibition in there." Citing a number of cases, including *Heffron v. Western Loan & Building Co.,* 84 F.2d 301 (9th Cir. 1936), it concluded, as it did in *Heffron,* that "in the absence of factors

requiring interference a court of bankruptcy will not disturb the foreclosure of a lien by non-judicial action when such foreclosure is in accord with the agreement of the lienor and the lienee."

### III

The similarity between *Hardt v. Kirkpatrick* and this case is striking. In both cases, the debtor at first was protected by an automatic stay. In both cases, foreclosure took place after termination of the automatic stay and during the absence of a judicial stay. In both cases, the foreclosing creditor bought the property. In both cases, the trial court vacated the foreclosure sale.

In the present case, the trial court perceived the creditor's action as "an attempt to take advantage" without justification and suggested that the creditor should have obtained permission for the sale. In *Hardt*, the trial court saw the foreclosure sale as a "flaunting of the power of the bankruptcy court—a flaunting which would destroy the effectiveness of the administration of the Bankruptcy Act."

The Court of Appeals disagreed:

Section 75(s) of the Bankruptcy Act itself provides a direct and orderly means by which the court can prevent any such flaunting—the simple expedient of issuing a stay against the lienor's sale. Not having seen fit to do this, the District Court cannot complain of the flaunting of an authority it did not choose to exercise.

The order vacating the foreclosure sale is reversed.