In re Rafael HERRERA and Josephine V. Herrera, Debtors.

COLLATERAL FUNDING, INC., a California corporation, Appellant,

v.

Rafael HERRERA and Josephine V. Herrera, Appellees.

BAP No. EC 82–1035 EKH.
Bankruptcy No. 281–0946–W.
Adv. No. 281–2043.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 16, 1982.

Decided Sept. 8, 1982.

John B. Vlahos, Vlahos & Vlahos, Palo Alto, Cal., for appellant.

John Tosney, Law Offices of Melvyn Coben, Sacramento, Cal., for appellee.

Before ELLIOTT, KATZ and HUGHES, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

Collateral Funding appeals from an order vacating a foreclosure sale of the debtors' residence. The foreclosure sale was conducted by the creditor in reliance upon a stipulation terminating the automatic stay of 11 U.S.C. § 362. We reverse.

The debtors filed their Chapter 13 case on March 18, 1981. Appellant filed its complaint to be relieved of stay on April 3, 1981. The debtors answered and the proceeding came on for trial on April 28, 1981, at the request of counsel for the debtors, Melvyn J. Coben, attorney Randolph Cooke appeared with the debtors for trial. Mr. Cooke and counsel for the appellant negotiated a settlement and announced their stipulation in open court before the trial judge. The trial was then taken off calendar by the court. The minutes of the court, as reflected on the docket, read as follows:

> 4–28 Bu Stipulation, Automatic Stay to be lifted on June 30, 1981

Counsel for appellant prepared a written stipulation with order thereon for the judge's signature. It was initially forwarded to Mr. Cooke and eventually to Mr. Coben. Coben refused to execute the stipulation, claiming that Cooke exceeded his authority. However, Coben did not, prior to the foreclosure sale, apply to the court for permission to withdraw from the stipulation.

The foreclosure sale was held on July 1, 1981 and appellant purchased the property at the sale. Thereafter, at the hearing on the debtors' application to hold appellant in contempt, the judge set aside the foreclosure sale without stating his reasons therefor.

Appellees were on the horns of a dilemma. If the stipulation bound them, the stay terminated before the foreclosure sale. If the stipulation did not bind them, it did not bind the appellant. In that event, because the court did not order the stay continued in effect after a hearing held within 30 days of the request for relief, the stay terminated, 11 U.S.C. § 362(e).

Stipulations made in open court are as binding on the parties as if reduced to writing and formally executed. 83 C.J.S. Stipulations, §§ 4, 6, *United States v. Ricks*, (C.A.D.C.1973) 475 F.2d 1326, *Harris v. Spinali Auto Sales, Inc.*, 240 Cal.App.2d 447, 49 Cal.Rptr. 610.

*In the Matter of Springpark Assoc.*, C.A.9th 1980, 623 F.2d 1377, in an earlier Chapter XII proceeding, the debtor stipulated to relief of stay in exchange for time to attempt to refinance its property and the Chapter XII was dismissed. Hours before the foreclosure sale was to take place pursuant to the terms of the stipulation, the debtor filed a second Chapter XII case. In affirming the decision to terminate the automatic stay of the second Chapter XII case, the court stated at 1381,

> In this case, the irreparable harm by permitting the stay to continue involved harm not only to the appellee, Crown, but to the judicial process itself, by permitting a settlement agreement not to be enforced.

In attempting to evade the stipulation, Mr. Coben not only harms the judicial process but demeans himself as an attorney at law.

The foreclosure sale of July 1, 1981 was not in violation of the § 362 stay. It was therefore error to set it aside. *In re Shaw*, (9th Cir. Bkrtcy.App.1982) 16 B.R. 875, 8 B.C.D. 952.

The order below of December 21, 1981 setting aside the foreclosure sale of July 1, 1981 is REVERSED.