**In re JOHN J. SLAVIN CONTRACTING, INC., Debtor.**

**GARDNER SAVINGS BANK, Plaintiff, Appellee,**

v.

**JOHN J. SLAVIN CONTRACTING, INC., Defendant, Appellant.**

**Bankruptcy No. 82–9067.**

United States Bankruptcy Appellate Panels of the First Circuit.

May 13, 1983.

George R. Desmond, Framingham, Mass., for defendant, appellant.

John C. Hutchins, Warner & Stackpole, Boston, Mass., for plaintiff, appellee.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

VOTOLATO, Chief Judge.

The appellant, John J. Slavin Contracting, Inc. (Slavin), appeals from an order of the bankruptcy judge denying the appellant's motion to alter and amend a judgment entered pursuant to an agreement for judgment signed by the parties.

Appellant Slavin filed a Chapter 11 petition on February 22, 1982. On June 10, 1982, appellee Gardner Savings Bank filed a complaint for relief from the automatic stay provided for in 11 U.S.C. § 362, and for authority to proceed with foreclosures of three mortgages covering real estate owned by Slavin. A hearing on the complaint was scheduled for August 4, 1982. Prior to that hearing, the parties reached a settlement, and on September 8 an agreement for judgment was signed by the parties. A consent judgment was entered by the bankruptcy judge on September 27, 1982.

The consent judgment authorized the bank to foreclose the mortgage on a parcel located in New Hampshire immediately, and to foreclose the mortgages on two par-

cels located in Lowell[1] and Southboro, Massachusetts, at any time on or after October 5, 1982.

On October 4, 1982, Slavin filed a plan of reorganization, a disclosure statement, and a motion to alter and amend the September 27 order. The motion requested the bankruptcy court to postpone the effective date of the bank's relief from the stay until October 19, 1982. Slavin filed an amended motion on October 18, seeking to extend the effective date of relief from the stay until October 29, 1982.[2] A hearing on the motion to alter and amend judgment was held on October 29, and the bankruptcy judge granted the parties one week in which to submit memoranda.

On December 1, 1982 the bankruptcy judge entered an order denying the motion to alter and amend judgment. The bankruptcy judge found that, pursuant to the September 27 order, the bank had conducted a foreclosure sale of the Massachusetts properties on October 5; that the disclosure statement and plan were not filed until October 4, the day before the foreclosure sale was to occur and almost one month after the parties had signed the agreement for judgment; and that no changed circumstances were demonstrated that would cause the court to alter the agreement into which Slavin had freely and deliberately entered.

This appellate panel "shall accept the bankruptcy judge's findings of fact unless they are clearly erroneous." Rule 16, First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels, and Court of Appeals. In this case the appellant has failed to designate a record on appeal that is sufficient to enable this appellate panel to make a meaningful determination whether the bankruptcy judge's findings are clearly erroneous. The brief filed by Slavin addresses only procedural issues pertinent to a motion filed by the bank to dismiss this appeal. In its designation of the record on appeal, appellant Slavin failed to designate its amended motion to alter and amend judgment.

We have no brief from the appellant alleging in what manner the bankruptcy judge abused his discretion in denying the motion to alter and amend judgment.[3] It is only in a memorandum filed by Slavin in opposition to the bank's motion to dismiss this appeal that the grounds for the appeal are apparent. The appellant contends that the bankruptcy judge erred in denying the motion to alter and amend the September 27 judgment because Slavin allegedly had obtained purchasers for the property and filed a plan proposing a 100% dividend to creditors. In the same memorandum, the appellant urges this panel to deny the appellee's motion to dismiss the appeal so that the panel could consider "the briefs of the parties to be filed on the issues involved in the appeal."

We have previously noted that the appellant's brief discusses only procedural matters and not the issues involved in this appeal. Accordingly, in the absence of any

---

1. On April 5, 1983, with the consent of the appellee, this appellate panel dismissed so much of this appeal as affects the foreclosure of Slavin's property in Lowell, Massachusetts.

2. It is possible that the motion to alter and amend the judgment of September 27, 1982 became moot before the bankruptcy judge issued the order denying that motion. The amended motion sought to delay the lifting of the automatic stay only until October 29, 1982. That date passed long before the bankruptcy judge denied Slavin's motion (on December 1, 1982) and before this appeal was filed. We need not decide the issue of mootness, however, because we affirm the order of the bankruptcy judge on other grounds.

3. It appears that in pursuing this appeal long after foreclosure sales of the property in question took place, the appellant seeks to vacate those sales which were held pursuant to the consent judgment. In similar cases, however, appellate courts have held that bankruptcy courts erred in setting aside foreclosure sales which were not in violation of the § 362 stay or the stipulations of the parties. *E.g., Collateral Funding, Inc. v. Herrera (In re Herrera),* 23 B.R. 796, 10 B.C.D. 79 (Bkrtcy.App. 9th Cir.1982); *Miller v. Shaw (In re Shaw),* 16 B.R. 875, 8 B.C.D. 952 (Bkrtcy.App. 9th Cir.1982). *See also Crown Life Ins. Co. v. Springpark Assoc. (In re Springpark Assoc.),* 623 F.2d 1377 (9th Cir.1980) (permitting party to circumvent settlement agreement irreparably harms judicial process).

cogent demonstration by the appellant of error committed below, we may not disturb the order of the bankruptcy judge.

AFFIRMED.