JAMES C. HILL, Circuit Judge:
 

 Appellant Massey Associates, Ltd. (Massey), a Chapter 11 debtor, appeals from a bankruptcy court order permitting foreclosure on Massey’s only substantial asset. We hold that the appeal is largely moot, since Massey failed to obtain a stay pending appeal with the result that the property was sold at foreclosure. We remand for a determination of whether Massey’s estate is entitled to any excess of the foreclosure bid over the amount of the mortgage debt at the time of foreclosure.
 

 In 1980, the appellees/creditors (a group of partners headed up by Markstein) sold the Massey Building, located in Birmingham, Alabama, to Massey Associates for $650,000 ($50,000 cash, $600,000 wraparound mortgage). In 1982, Massey defaulted on the mortgage by failing to provide heat in the building. A foreclosure sale was originally scheduled for January 19, 1983. On January 18, Massey filed a Chapter 11 petition in bankruptcy court. On January 19, appellees filed a petition for relief from automatic stay and for permission to foreclose, pursuant to 11 U.S.C. § 362(d) and (e). On April 6, 1983, after two days of hearings, the bankruptcy court entered an order granting the right to foreclose, finding that Massey had no equity in the property over and above the balance due under the mortgage.
 

 On May 6, 1983, the bankruptcy court issued a temporary stay of the order authorizing foreclosure, based on allegations that the debtor was negotiating a sale to provide a plan to protect all creditors. Following a hearing on May 9, the bankruptcy court withdrew its temporary stay order, thus permitting appellees to foreclose. Appellants did not obtain a stay pending appeal. Appellees conducted the foreclosure sale of the building on May 9th, purchasing the property themselves for a bid of $687,-000.
 

 On October 17, 1983, the district court affirmed the bankruptcy court’s order, finding “ample evidence” to support the findings that the debtor was in default and
 
 *1327
 
 had no equity in the property. On October 28, 1983, appellees sold the Massey Building to Walid Al Agha (who is not a party to this appeal) for $560,000.
 

 DISCUSSION
 

 Appellant argues that the bankruptcy court erred in determining that appellant defaulted on the mortgage and had no equity in the property; and thus erred in permitting foreclosure. Massey seeks to have the foreclosure sale rescinded and the property returned, or other equitable relief.
 

 This court is powerless to rescind a foreclosure sale under the present circumstances. When the bankruptcy court sets aside an automatic stay pursuant to section 362(d), and the debtor fails to obtain a stay pending appeal with the result that the property is sold to a creditor at foreclosure, a court is powerless to rescind the sale on appeal.
 
 In re Sewanee Land, Coal & Cattle, Inc.,
 
 735 F.2d 1294 (11th Cir.1984);
 
 see In re Bleaufontaine, Inc.,
 
 634 F.2d 1383, 1389-90 (5th Cir. Unit B 1981);
 
 Greylock Glen Corp. v. Community Savings Bank,
 
 656 F.2d 1, 4-5 (1st Cir.1981);
 
 In re Royal Properties, Inc.,
 
 621 F.2d 984 (9th Cir.1980). This rule of law is intended to provide finality to orders of bankruptcy courts and to protect the integrity of the judicial sale process upon which good faith purchasers rely.
 
 In re Bleaufontaine,
 
 634 F.2d at 1389 n. 12. Since this court cannot undo the foreclosure, we need not inquire into whether the evidence supports the findings of the bankruptcy court.
 

 However, appellant contends that this court can still grant some equitable relief in the present case. Massey argues that the bankruptcy court did not make specific findings as to the amount of the mortgage debt, and alleges that if the property sold at foreclosure for an amount in excess of the mortgage debt the excess should go into the debtor’s estate. Thus, Massey would have us remand the case for a specific determination of the amount of the mortgage debt at the time of the foreclosure, and order that the excess of the bid price over the mortgage amount be paid into its estate.
 
 [1]
 

 The bankruptcy court’s April 6th order permitting foreclosure did not contain specific findings as to the amount of the mortgage debt. The transcripts of the March 30, 1983, hearing before the bankruptcy court indicate that the bankruptcy judge may have determined the amount of the mortgage debt to be $679,343, the amount the appellees contend is correct. Record, vol. 2, 179-82. Appellant argues that the mortgage debt amount was closer to $610,000. The appellees bought the building at the foreclosure sale for $687,-000, which is a slight excess over the amount of the mortgage debt no matter which mortgage figure is accepted as correct. Based on the record before us, we are unwilling to conclude that the bankruptcy judge found the amount of the mortgage debt to be any specific figure. Therefore, we remand this case to the district court, with instructions to remand to the bankruptcy court, for the limited purpose of determining the amount of the mortgage debt at the time of foreclosure and whether appellant’s estate is entitled to any excess of the foreclosure bid over the amount of the mortgage debt.
 
 [2]
 

 Case is REMANDED for further proceedings not inconsistent with this opinion.
 

 [1]
 

 . In
 
 Sewanee
 
 and other similar reported cases, courts have dismissed the entire appeal as moot in situations such as the present. The appellant was unable to cite, and we are unable to locate, any case where a court has granted relief in the situation where property of a debtor was sold at foreclosure to a good-faith purchaser after the debtor had failed to obtain a stay of foreclosure pending appeal. However, it does not appear that any of the debtors in the reported cases raised the argument for relief which Massey asserts in the present case.
 

 [2]
 

 . We assume that Massey could raise the issue of its entitlement to the excess of the bid over the mortgage debt amount as part of its ongoing bankruptcy proceedings, without our holding on appeal. Since we are uncertain as to the current status of Massey's Chapter 11 proceedings, we expressly remand for a consideration of the issue.