**In the Matter of FIRST MORTGAGE ATRIUM BUILDING, LTD., Debtor.**

**FIRST MORTGAGE ATRIUM BUILDING, LTD., Appellant,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.**

**No. B–88–00894–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 4, 1988.

As Amended Dec. 7, 1988.

Robert E. Barron, Nederland, Tex., for appellant.

Kaaran E. Thomas, Vinson & Elkins, Houston, Tex., for appellee.

## MEMORANDUM OPINION

SCHELL, District Judge.

The Appellee, Mutual Life Insurance Company of New York, moves to dismiss this appeal as moot. For the reasons set forth below, the Appellee's Motion to Dismiss Appeal as Moot is hereby GRANTED.

## I. BACKGROUND

This is an appeal from the United States Bankruptcy Court for the Eastern District of Texas pursuant to Rule 8001(a) of the Rules of Bankruptcy Procedure. On March 16, 1988, the Debtor–Appellant, First Mortgage Atrium Building, Ltd., filed a voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code. As of the filing date, the Appellee, Mutual Life Insurance Company of New York (MONY), had retained a first lien on an office building in Nederland, Texas, owned by the Appellant, a Texas Limited Partnership. On May 23, 1988, MONY filed a Motion to Lift/Modify the 11 U.S.C. § 362 Automatic

Stay. On June 23, 1988, the Honorable Houston Abel entered an order granting the Motion, thereby lifting the Automatic Stay. At that time, the Appellant neither sought a stay of the order nor appealed the order. The Appellant moved the court to reconsider the order on July 15, 1988. On August 2, 1988, Judge Abel conducted a hearing on the Motion to Reconsider and denied the motion. That same day, MONY conducted a foreclosure sale pursuant to its Deed of Trust and purchased the property in question. Appellant thereafter appealed from the order denying its Motion to Reconsider. At no stage of any proceedings did Appellant ever request a Stay Pending Appeal pursuant to Rule 8005.

## II. DISMISSAL OF THE APPEAL AS MOOT

### A. Development of the Mootness Rule

■ The Appellee moves to dismiss the appeal at bar on the basis of mootness. The so-called mootness rule urged by Appellee is a doctrine found in bankruptcy appeals and can be succinctly stated as follows: A debtor's failure to obtain a Stay Pending Appeal renders an appeal moot if assets in which the creditor had an interest are sold in foreclosure. *E.g., In re Sun Valley Ranches, Inc.,* 823 F.2d 1373, 1374 (9th Cir.1987). Bankruptcy Rule 8005 provides the authority for the Stay Pending Appeal.

The mootness rule originally derived from general principles of appellate jurisdiction. That is, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief or renders a decision unnecessary, the appeal is moot. *See, e.g., Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1424 (9th Cir.1985); *Fink v. Continental Foundry & Mach. Co.,* 240 F.2d 369, 374 (7th Cir.1957), *cert. denied,* 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538; *Sobel v. Whittier Corp.,* 195 F.2d 361, 363 (6th Cir. 1952); *see also* C. Wright and A. Miller, *Federal Practice & Procedure* § 2904 (1973 & Supp.1988).

These general principles eventually crept into bankruptcy appeals jurisprudence. A series of cases held that, when a debtor failed to obtain a Stay Pending Appeal or other relief from execution, such as a supersedeas bond, the appeal was moot because the appellate court was unable to formulate adequate relief to the debtor, since the collateral had already been sold. *E.g., Country Fairways, Inc. v. Mottaz,* 539 F.2d 637, 641 (7th Cir.1976); *In re Abingdon Realty Corp.,* 530 F.2d 588, 590 (4th Cir.1976). Thus, the judiciary created bankruptcy's mootness rule.

Although the mootness rule was originally premised on the notion that an appellate court was unable to fashion relief to a debtor once a foreclosure sale had occurred, another concept later emerged particular to the needs of purchasers at foreclosure. This concept was the need for finality. Finality is important because it provides purchasers at foreclosure with the security of knowing that prolonged litigation will not ensue. It provides finality to orders of bankruptcy courts and protects good faith purchasers. *See, e.g., In re Onouli–Kona Land Co.,* 846 F.2d 1170, 1172–73 (9th Cir.1988); *In re Sax,* 796 F.2d 994, 998 (7th Cir.1986); *Markstein v. Massey Assoc., Ltd.,* 763 F.2d 1325, 1327 (11th Cir.1985); *In re Vetter Corp.,* 724 F.2d 52, 55 (7th Cir.1983) (quoting 14 Collier on Bankruptcy ¶ 11–62.03, at 11–62–11 (14 ed. 1976)). The Ninth Circuit has termed these two concepts "the general rule that the occurrence of events which prevent an appellate court from granting relief ... renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy." *Algeran,* 759 F.2d at 1424.

The Ninth Circuit has also stated that "these alternative rationales—the 'general rule' and the 'particular need'—have produced some tension in our case law." *In re Onouli–Kona Land Co.,* 846 F.2d at 1172. Indeed, it is not difficult to envision a situation in which the two concepts conflict. For example, if a creditor who purchases the property at foreclosure is a party to the appeal, the appellate court may be able to fashion some relief for the debtor. Yet, an advocate of the need for finality would

argue that the appeal should be dismissed to protect the good faith purchaser, who might be the creditor or someone to whom the creditor subsequently resells. Clearly, however, a sale to a third party at foreclosure would moot an appeal.

Whatever may be the parameters of the mootness rule (a discussion of which is forthcoming in this opinion), one noteworthy item is that the mootness rule has achieved partial codification from its judicial creation which does not apply to the appeal at bar. The mootness rule first appeared in former Bankruptcy Rule 805, when a sentence was added to the existing Rule mooting an appeal when a debtor failed to obtain a Stay Pending Appeal and the creditor sold to a good faith purchaser.[1] Rule 805, however, did not survive the 1983 changes to the Bankruptcy Rules. Currently, the mootness rule is partially codified at 11 U.S.C. § 363(m), a successor in some respects to Rule 805, but that provision applies only to sales by bankruptcy trustees.[2] It does not apply to other foreclosure sales in bankruptcy proceedings, such as may occur when the bankruptcy court lifts the 11 U.S.C. § 362 Automatic Stay, allowing the creditor to foreclose its lien. See In re Onouli–Kona Land Co., 846 F.2d at 1172;[3] In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1295 n. 2 (11th Cir.1984). Notwithstanding these partial codifications, therefore, the judicial-ly-created mootness rule is not limited to sales by trustees, but has broader application. See Algeran, 759 F.2d at 1424. The mootness rule at issue here is non-statutory.

## B. The Reach of the Non–Statutory Mootness Rule

Having so stated, this court must now probe the parameters of the non-statutory mootness rule. The Ninth Circuit has created a narrow exception to the mootness rule for cases in which real property is sold to a creditor who is a party to the appeal. E.g., In re Sun Valley Ranches, 823 F.2d at 1375; In re Springpark Assoc., Ltd. 623 F.2d 1377, 1379 (9th Cir.1980). In such a case, an appeal is not moot because a court could fashion some sort of relief, since the creditor-purchaser is present at the appeal. Id. The Ninth Circuit, in In re Sun Valley Ranches, Inc., added that the exception is especially appropriate "where the foreclosure sale is subject to statutory rights of redemption." 823 F.2d at 1375. The following year, in 1988, the Ninth Circuit went further by making the existence of a statutory right of redemption a flat requirement, in In re Onouli–Kona Land Co., stating that finality in bankruptcy had become the "dominate rationale" in its decisions. 846 F.2d at 1172–73. Thus, the Ninth Circuit's very narrow exception requires that real property be bought by a

---

1. Former Rule 805, in relevant part, read as follows;

   Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.

   11 U.S.C. Bankruptcy Rule 805 (superceded 1983). In addition to the stay requirement, former Rule 805 also provided the authority for obtaining a stay. The authority for the stay is now found in Rule 8005.

   The amendment of former Rule 805 produced a series of case law dismissing appeals as moot. See, e.g., In re Bleaufontaine, 634 F.2d 1383, 1389–90 (5th Cir.1981); Greylock Glen Corp. v. Community Savings Bank, 656 F.2d 1, 4–5 (1st Cir.1981); In re Shaw, 16 B.R. 875 (9th Cir. BAP 1982).

2. Section 363(m) states:

   The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

   11 U.S.C.A. § 363 (West 1984). Subsections (b) and (c) grant the trustee powers of sale in certain circumstances. For cases applying § 363(m), see In re The Charter Co., 829 F.2d 1054 (11th Cir.1987); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Cir.1986).

3. Actually, the sale at issue in In re Onouli–Kona Land Co. was ordered by the bankruptcy court. The debtor in that case argued unsuccessfully that § 363(m) limits the mootness rule to appeals from sales by bankruptcy trustees.

creditor who is a party to the appeal and that statutory rights of redemption exist under controlling state law. *Id.*

In contrast, the Eleventh Circuit has flatly refused any exception to the mootness rule, even where a creditor who purchases property at foreclosure is a party to the appeal. *Markstein*, 763 F.2d at 1327; *In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d at 1296. Thus, the Ninth and Eleventh Circuits disagree on whether there should exist any exception to the mootness rule. Indeed, the Ninth Circuit has so stated: "We decline to follow the Eleventh Circuit's contrary position." *In re Sun Valley Ranches, Inc.*, 823 F.2d at 1375.

This court, of course, seeks Fifth Circuit authority. Appellant, in its Motion to Dismiss Appeal as Moot, cites *In re Bleaufontaine, Inc.*, 634 F.2d 1383 (5th Cir.1981), in support of the application of the mootness rule to the case at bar. *Bleaufontaine*, however, is of little help. That case was decided under former Bankruptcy Rule 805. The main point is that the Fifth Circuit in *Bleaufontaine* considered the mootness rule only in the context of its mandatory application pursuant to former Rule 805. The Fifth Circuit's only task in *Bleaufontaine*, with respect to the mootness rule, was to review the bankruptcy court's factual finding that the purchaser had acted in good faith within the meaning of former Rule 805. The Fifth Circuit neither considered the mootness rule outside of the context of former Rule 805, which is the situation at bar since § 363(m) is inapplicable, nor framed any possible exception to the mootness rule.

This court has found a significant Fifth Circuit case cited by neither Appellant nor Appellee which is somewhat factually dissimilar to the instant appeal, but which contains very significant dicta. In *American Grain Assoc. v. Lee–Vac, Ltd.*, 630 F.2d 245 (5th Cir.1980), American Grain

Association owned a grain elevator sitting on land subleased to it by Lee–Vac, Ltd. Desiring to sell the elevator after initiating bankruptcy proceedings, American Grain solicited bids. American Grain then negotiated with a favorable bidder, Bunge Corporation, a "Sublease with Option to Purchase," under the terms of which Bunge would lease the elevator and sublease the land for a year, then purchase the elevator if it desired. Lee–Vac, however, never gave its consent to this sublease, as required by the lease between American Grain and Lee–Vac. Accordingly, American Grain petitioned the bankruptcy court to order Lee–Vac to consent. The bankruptcy court so ordered. Lee–Vac never obtained a stay of the order, and American Grain and Bunge executed their agreement. Lee–Vac appealed first to the district court, which affirmed, then to the Fifth Circuit.

The Fifth Circuit affirmed the district court's dismissal on the basis of former Rule 805, even though Rule 805, on its face, technically applied just to sales.[4] The reason: The third party, Bunge, was not a party to the appeal; thus, the court was powerless to fashion relief to Lee–Vac to the effect of invalidating the sublease. The Fifth Circuit went on with language of critical importance to the instant case:

> This rule does not, of course, bar appeal where the appellant seeks relief vis-a-vis the debtor [5] rather than the third party. Thus, for example, if Lee–Vac had asserted a claim against American Grain for damages resulting from breach of their lease agreement, this appeal would not now be moot because if this court reversed the decision below effective relief could be ordered in the form of damages to be paid by American Grain. Such relief would not adversely affect the interests of the third party, Bunge.

---

**4.** Lee–Vac contended that Rule 805 applied only to sales, not leases. The Fifth Circuit rejected this "strict reading" of the Rule based on the Rule's "relationship to the general rule of appellate procedure ... and ... important policy of affording finality to lower court judgments in bankruptcy proceedings." 630 F.2d at 248.

**5.** In *American Grain* the Appellant was the creditor, Lee–Vac, and the Appellee was the debtor, American Grain. In the normal appeal following a foreclosure sale, the roles would be reversed and the creditor would be the Appellee, as in the instant case.

630 F.2d at 248. By this language, the Fifth Circuit seems to approve of an exception to the mootness rule when the parties necessary to the granting of relief are before the appellate court (i.e., as long as the Appellant is requesting relief that would not affect the rights of a third party not present at the appeal). Moreover, this court believes that such an exception should apply equally to foreclosure sales as leases (the situation in *American Grain*), since the Fifth Circuit treated the two situations the same for purposes of the mootness rule.[6]

■ The next question is whether the exception should be so wide-open as to allow appeals any time the parties necessary for the granting of relief are present at the appeal, or whether it should be narrowed by further requiring the existence of a statutory right of redemption, as the Ninth Circuit requires. The Ninth Circuit's exception, stated again, is that an appeal is not moot even though the debtor failed to obtain a Stay Pending Appeal pursuant to Rule 8005, if the creditor who purchases real property at foreclosure is a party to the appeal, and if statutory rights of redemption exist under applicable state law. *In re Onouli–Kona Land Co.*, 846 F.2d at 1173. This court believes that the Fifth Circuit would endorse the same exception.

It is essential that any exception to the mootness rule require the existence of a statutory right of redemption. Such a requirement heeds the finality concern, because, if such rights are available, the sale is not truly final. In *American Grain*, the Fifth Circuit expressly approved of the finality concern. 630 F.2d at 248. This requirement also avoids problems that might arise if circumstances surrounding the sale change before or during the appeal. In other words, it is conceivable that, following the creditor's purchase at foreclosure, circumstances may change in such a way that might affect the court's ability to fashion relief without affecting third parties. For example, the creditor might resell to a third party. Absent a requirement that a statutory right of redemption exist, an appellate court's analysis would always include an inquiry into whether circumstances had changed in order to assess whether relief could be granted based on which parties are at the appeal. Such an inquiry would make the applicability of the mootness rule an ad hoc determination and would openly invite creditors to resell subject property or otherwise involve third parties just before appeal solely for the purpose of mooting the appeal. Requiring a statutory right of redemption would avoid this problem, because state law would determine the rights and scope of the debtor's ability to redeem property and from whom, if anyone, the debtor may redeem.

The applicability of the mootness rule to a particular case, of course, depends on the type of relief being requested of the appellate court. The mootness rule is directed at relief which, if granted, would have the effect of reversing a foreclosure sale.

6. Accordingly, this court must agree with the Ninth Circuit that an exception to the mootness rule should exist and likewise disagree with the Eleventh Circuit. In so doing, this court notes that the Eleventh Circuit's *In re Sewanee* decision cites *American Grain* and holds that case inapposite to the foreclosure sale situation. 735 F.2d at 1295. This court believes that the Eleventh Circuit misses the significance of *American Grain*. *American Grain* is not significant for factual alignment; it is significant for its approval of an. exception to the mootness rule when the appellate court can order relief because necessary parties are present at the appeal.

If this court reads *American Grain* correctly, the Fifth Circuit's exception exists whether the mootness rule at issue is pursuant to statute (or rule) or is non-statutory. The statutory mootness rule (former Rule 805 and current 11 U.S.C. § 363(m)) expresses no exception to its application, and virtually all of the Ninth Circuit cases allow the exception only when the mootness rule applicable to the particular case is not pursuant to statute. See *In re Onouli–Kana Land Co.*, 846 F.2d at 1172–73; *In re Sun Valley Ranches*, 823 F.2d at 1374–75; *In re Springpark Assoc.*, 623 F.2d at 1379. *In re Cada Inv., Inc.*, 664 F.2d 1158, 1160 (9th Cir.1981), held an appeal not moot when former Rule 805 applied, but only because the Order of Sale in that case was expressly conditioned on the outcome of the appeal.

Such is the case in the instant appeal, because Appellant's eight points of error all concern the correctness of the bankruptcy court's denial of its Motion to Set Aside Order from Relief from Stay, which resulted in foreclosure.[7] However, the mootness rule does not preclude an appellate court from considering issues that would not result in foreclosure reversal. For example, in *Markstein*, 763 F.2d at 1327, the court refused to rescind a foreclosure sale because the debtor had failed to obtain a stay, but remanded to the bankruptcy court to make specific findings as to the amount of the mortgage debt for the purpose of determining whether the property had been sold at an excess of the underlying debt.

 Based on the foregoing, this court believes the Fifth Circuit would frame the mootness rule as follows: If a debtor fails to obtain a Stay Pending Appeal and foreclosure occurs, an appellate court will not grant relief having the effect of reversing the foreclosure, unless the creditor who purchased real property at foreclosure is a party to the appeal and statutory rights of redemption exist under applicable state law. Under such a rule, the case at bar is dismissed. Texas has no statutory right of redemption. Texas has an equity of redemption, but it perishes when foreclosure occurs pursuant to a valid Deed of Trust. *Rogers v. Fielder*, 392 S.W.2d 797, 798–99 (Tex.Civ. App.—Fort Worth 1965, writ ref'd n.r.e.). Such was the case in the proceedings below.

There is one final concern important to the mootness rule although not important to the instant case. Should the operation of the non-statutory mootness rule require that a purchaser buy property in good faith? Clearly, if § 363(m) applies,[8] a good faith purchase is required. The statute says so. The case law is again unclear, however, for cases falling outside of § 363(m). In *In re Onouli–Kona Land Co.* the Ninth Circuit stated that bankruptcy's mootness rule "operates only when a purchaser bought an asset in good faith." 846 F.2d at 1173.[9] The Eleventh Circuit, however, has never inquired into good faith when applying the mootness rule. *See Markstein*, 763 F.2d at 1327; *In re Sewanee*, 735 F.2d at 1296. However, this court also need not reach this issue. The Debtor–Appellant here, in its Response to Dismiss Appeal as Moot, has not averred that the Creditor–Appellee acted without good faith or in any way conducted an improper foreclosure.

Accordingly, it is hereby ordered that the appeal is DISMISSED.

---

7. The parties have not filed briefs at the time of the court's opinion. The points of error are taken from Appellant's Statement of the Issues to be Presented on Appeal, filed with the court on September 19, 1988.

8. i.e., the trustee conducts a foreclosure sale.

9. *In re Onouli–Kona Land Co.*, it will be remembered, was not a § 363(m) case.