**In re Norwood S. ASHLEY and Barbara J. Ashley.**

Nos. 88 C 8528, 81 B 8569.

United States District Court, N.D. Illinois, E.D.

Feb. 23, 1989.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the Court on the defendants Norwood Ashley's and Barbara Ashley's Motion to Vacate this Court's order of December 23, 1988 and Judge Katz's order of September 16, 1988 holding the defendants in civil contempt. For the following reasons, the defendants' motion is denied.

### FACTS

The Ashleys filed their voluntary Chapter 11 Petition on July 1, 1981, and have remained debtors-in-possession since that date. Grundy County National Bank ("Grundy") is a secured creditor holding liens upon a substantial portion of the farm lands owned by Debtors, or in which the Debtors have an interest.

In February, 1988, John A. Donskey, the owner of the farm next to the Ashleys' Dairy Farm, approached Grundy and offered to purchase the farm for $70,000. Grundy accepted this offer, and on March 8, 1988, Chief Bankruptcy Judge Schwartz entered an Order approving the sale of the dairy farm.

Thereafter, the Ashleys objected to proposed sale, but on April 7, 1988, Bankruptcy Judge Katz overruled the defendants' objections and ordered the defendants to execute the relevant Transfer Documents to facilitate this sale. The defendants filed a timely Notice of Appeal from Judge Katz's order on April 18, 1988. Nevertheless, the Ashleys failed to file the Designation of Contents of the Record of Appeal and the Statement of Issues to be Presented on Appeal in accordance with Rule 8006, and thus, their appeal was not perfected.

In order to provide the Ashleys with every opportunity to pursue their appeal, Judge Katz instructed counsel for Grundy to write to the Ashleys, outlining for them the required procedures for pursuit of their appeal. Pursuant to this instruction, counsel for Grundy wrote to Mr. Ashley on June 9, 1988, outlined in detail the requirements for appealing an Order of a Bankruptcy Court under Part VIII of the Bankruptcy Rules, and enclosed for the Ashleys a copy of those Rules. Counsel for Grundy again wrote to Mr. Ashley on June 27, 1988, reminding Mr. Ashley of the necessity of taking action on the appeal. Nevertheless, the Ashleys took no further action whatsoever with respect to their appeal.

As the Ashleys continued to refuse to sign the Transfer Documents, on July 28, 1988, Grundy brought a Motion to Dismiss Appeal and to Compel Execution of Transfer Documents. On August 4, 1988, Judge Katz entered an Order Dismissing Appeal and Compelling Execution of Transfer Documents, in which he dismissed the appeal of the April 7, 1988 Order and again instructed the Ashleys to "immediately execute and deliver all deeds and releases of interest necessary to complete the sale of the real property approved in the April 7, 1988 Order."

In the face of the Ashleys' further refusal to execute the Transfer Documents, Grundy filed its Motion to Hold Debtors in Contempt. In an attempt to avoid incarceration for the Ashleys, this Motion prayed that "the Debtors be deemed to have executed" the Transfer Documents and that "such transfer to John A. Donskey is complete and effective immediately." On August 31, 1988, Judge Katz issued an Order to Show Cause, ordering the Ashleys to appear on September 14, 1988 and show cause why an order should not be entered adjudging them to be in contempt for their

failure to comply with the April 7, 1988 Order and the August 4, 1988 Order.

On September 16, 1988, Judge Katz entered an Order of Civil Contempt in which he held that the Ashleys' failure to execute the Transfer Documents constituted contempt of his Court within the meaning of Bankruptcy Rule 9020(b). Judge Katz further held that Barbara Ashley stood in civil contempt for failure to appear at the September 14, 1988 hearing despite due, proper and adequate notice to her.

On September 20, 1988, the Ashleys filed a "Motion of Debtors to Deny Motion of Grundy County National Bank's Motion to Hold Debtors in Contempt," in which the Ashleys, despite the fact that the Order of Civil Contempt had already been entered, asked the Court to deny the Motion to Hold Debtors in Contempt. In the spirit of compassion which has pervaded these proceedings, Judge Katz interpreted this pleading as an objection to the Order of Civil Contempt within the meaning of Bankruptcy Rule 9020(c), even though this pleading was not "prepared in the manner provided in Rule 9033(b)." Accordingly, Judge Katz entered an Order dated October 5, 1988, certifying the Order of Civil Contempt to this Court. Pursuant to this certification, on October 6, 1988, the Order of Civil Contempt was transmitted to the District Court for its review pursuant to Bankruptcy Rule 9020(c) and Bankruptcy Rule 9033(b). On December 16, 1988, this Court entered its Judgment confirming the Order of Civil Contempt and ordering that the Ashleys "be taken into custody by the U.S. Marshal and remain in custody until the Transfer Documents in question have been signed by them." The Order of Civil Contempt and this Judgment are collectively referred to herein as the "Contempt Orders."

On January 25, 1989 this Court entered a Minute Order allowing John F. Murphy, Esq. of the Federal Defender Program to file his appearance as counsel for the Ashleys. Mr. Murphy has filed Defendants' Motion to Vacate Orders of Contempt.

## DISCUSSION

■ The Ashleys first argue that the bankruptcy judge did not have jurisdiction to dismiss the Ashleys' appeal of Judge Katz's April 7, 1988 ruling. Grundy argues, however, that a bankruptcy judge does have the authority to dismiss an appeal and cites *In re Colombian Coffee Co., Inc.*, 71 B.R. 258 (Bankr.S.D.Fla.1987), *aff'd*, 75 B.R. 177 (S.D.Fla.1987), in support. We believe that the Ashleys' position is correct.

Federal Rule of Bankruptcy 8001(a) provides that appeal from a Bankruptcy Judge's order may be taken by filing a timely notice of appeal with the clerk of the Bankruptcy Court. Rule 8001(a) further states:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

This court believes it is clear from the language of the statute that the bankruptcy judge did not have jurisdiction to dismiss the Ashleys' appeal. The language specifically confers the authority to deal with procedural defects in filing an appeal on the district court or the bankruptcy appellate panel. Consequently, that portion of the April 7, 1988 order dismissing the Ashleys' appeal is invalid.

We believe that Grundy's reliance on *In re Colombian Coffee Co., Inc.*, is misplaced. It is true that the bankruptcy judge in *Colombian* properly dismissed an appeal based on appellant's failure to comply with Bankruptcy Rule 8006. However, the bankruptcy judge there was acting under Florida Local Rule 27 A which specifically authorized the Bankruptcy Court to dismiss appeals should an appellant fail to file a Designation of the Items for the Record or a Statement of the Issues as required by Rule 8006. Accordingly, we find this case unpersuasive and adhere to our conclusion above that Judge Katz was without authority to dismiss the Ashleys' appeal.

■ The Ashleys next argue that Judge Katz predicated his finding of contempt on

his dismissal of the Ashleys' appeal and that because his dismissal was improper, the ruling holding the Ashleys in contempt was also improper and must be vacated. We do not agree.

The Ashleys were ordered on April 7, 1988, May 24, 1988 and again on August 4, 1988 to execute and deliver all deeds and releases necessary to complete the sale of the dairy farm. It is important to note that in the August 4, 1988 order dismissing the appeal, Judge Katz made no mention of holding the Ashleys in contempt. It was not until September 16, 1988 that Judge Katz found the Ashleys in contempt and this was after the Ashleys were given the opportunity to show why they should not be held in contempt at a hearing on September 14, 1988. Moreover, in his order holding the Ashleys in contempt, Judge Katz stated:

> 9. Notwithstanding the Court's April 7, 1988 Order, this Court's instruction of May 24, 1988, and this Court's August 4, 1988 Order, the Debtors have repeatedly indicated to Grundy and to Grundy's counsel that they have no intention of signing the Transfer Documents. In their August 4, 1988 letter to the Debtors, Grundy's counsel indicated that such refusal might result in a contempt of court citation. Nevertheless, the Debtors have explicitly and expressly refused to execute the Transfer Documents.

Therefore, it is clear from the facts set forth above that Judge Katz did not rely on his dismissal of the Ashleys' appeal in holding them in contempt of court but rather properly relied on the Ashleys consistent disregard of the Bankruptcy Court's orders to execute the Transfer Documents.

The Ashleys' Motion to Vacate also fails to recognize that absent a stay of an order pending appeal, the Bankruptcy Court retains jurisdiction to enforce its order. *In re Abingdon Realty Corp.*, 530 F.2d 588 (4th Cir.1976); *Markstein v. Massey Associates, Ltd.*, 763 F.2d 1325 (11th Cir.1985). Counsel to Grundy informed the Ashleys of this fact in its letter of June 9, 1988 which included a copy of Bankruptcy Rule 8005 governing Stays Pending Appeal. Never-

theless, the Ashleys never sought any stay from the April 7, 1988 Order, and thus, Judge Katz had full authority to enforce this order.

Based on the foregoing analysis, the court finds that Judge Katz improperly dismissed the Ashleys' appeal. However, Judge Katz and this court properly held the Ashleys in contempt.