In re Dorothea Harris STRICKLAND, Debtor.

Dorothea Harris STRICKLAND, Plaintiff,

v.

A MORTGAGE COMPANY f/k/a America's Mortgage Company, and its employee Vice President Virginia Manley, and Individually, and its attorneys, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, and its employee, attorney Glen D. Rubin and Individually, and Enterprise Mortgage Company, and its employee Assistant Secretary Diann Alexander, and Individually, and its employee Secretary–Treasurer I. Marie Norwood, and Individually and its Closing attorney, B. Keith Rollins, and its employee attorney, B. Keith Rollins, and Individually, and MLA, Inc., and its employee Vice President Joya Pastori, and Individually, and John and Jane Does, (Alias 1–25), Defendants.

Bankruptcy No. A93–67931.
Adv. No. 94–6666.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 22, 1995.

Dorothea Harris Strickland, pro se.

Richard H. Siegel, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Atlanta, GA, for defendants A Mortg. Co., Virginia Manley and Glen D. Rubin.

Ronald S. Stevens, Stevens & Assoc., Atlanta, GA, for defendant B. Keith Rollins.

L. Jack Swertfeger, Jr., Shapiro & Swertfeger, Atlanta, GA, for defendants MLA, Inc. and Joya Pastori.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court are motions to dismiss filed by defendants, A Mortgage Company and Virginia Manley; McCalla, Raymer, Padrick, Cobb, Nichols & Clark; B. Keith Rollins; MLA, Inc. and Joya Pastori. Plaintiff, Dorothea Harris Strickland, filed this adversary proceeding *pro se*, alleging breach of contract, fraud, usury and racketeering. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). The findings and conclusions of the court are set forth herein.

This dispute arises out of a loan agreement ("contract") between defendant Enterprise Mortgage Company ("Enterprise") and plaintiff. Plaintiff alleges that defendant Enterprise verbally informed her that it had approved a loan of $80,445 in lawful money of the United States at an annual interest rate of 10 percent. At the closing, defendant Enterprise funded the loan by a check for $80,445 to plaintiff to enable her to purchase the residence at 5934 Brookwood Drive. Plaintiff secured the loan with a purchase money mortgage on said residence. Defendant MLA, Inc. is the assignee and holder in due course of the note and security deed dated January 30, 1990.

Plaintiff contends defendant Enterprise and its defendant officers, Diann Alexander and I. Marie Norwood, breached the contract by substituting a check with the intent to circulate it as money and by failing to lend plaintiff lawful money of the United States. Based on this breach, plaintiff further contends that by using the United States mail and wire services to collect on this unlawful debt, the various defendants established a pattern of racketeering activity. Plaintiff lastly contends that defendants violated usury laws by charging interest on the nonexistent funds. In addition to actual and punitive damages, plaintiff requests that the court issue an order declaring the security deed and note null and void and preventing foreclosure until the matter has been fully resolved.

## DISCUSSION

■ Plaintiff is proceeding *pro se*. Pleadings filed *pro se* are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Byrd v. Stewart*, 811 F.2d 554, 555 (11th Cir.1987); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir.1984). However, one acting *pro se* has no license to harass others and overload the court dockets with meritless or abusive litigation. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint and should be denied "... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted); *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). The moving party bears the burden of showing that the plaintiff's complaint is deficient. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3rd Cir.1980). The court construes all facts presented in the light most favorable to the plaintiff, and the allegations of the complaint are deemed true for purposes of the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). While considering the allegations of a claim, the court is not required to accept as true broad legal conclusions set forth as factual allegations. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974).

■ It is undisputed that defendant Enterprise agreed to and did provide a purchase money loan to plaintiff to purchase her residence. In exchange, plaintiff gave Enterprise a purchase money mortgage on the residence. Plaintiff essentially alleges breach of contract, fraud, usury and racke-

teering, by a pattern of activity of the defendants in funding, servicing and collecting the loan from plaintiff. These claims are based upon plaintiff's allegations that the Enterprise check which funded plaintiff's loan was not backed by or redeemable in federal reserve notes, coins or lawful money of the United States as agreed upon, but instead was based upon credit which is not legal tender.

The Constitution of the United States gives Congress the authority "[T]o coin Money, [and] regulate the Value thereof...." U.S. Const. art. I, § 8, cl. 5. This provision, coupled with its related enumerated and implied powers, is the source of Congress' authority to "establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals." *Juilliard v. Greenman,* 110 U.S. 421, 448, 4 S.Ct. 122, 130, 28 L.Ed. 204 (1884); *Norman v. Baltimore & Ohio R.R.,* 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935); *Nortz v. United States,* 294 U.S. 317, 55 S.Ct. 428, 79 L.Ed. 907 (1935); *Perry v. United States,* 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912 (1935) Pursuant to that authority, Congress has declared that, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, Public charges, taxes, and dues." 31 U.S.C. § 5103 (1984). Numerous courts have recognized federal reserve notes as legal tender for any debt or public charge. *Milam v. United States,* 524 F.2d 629, 630 (9th Cir.1974); *United States v. Anderson,* 584 F.2d 369, 374 (10th Cir.1978); *Birkenstock v. Commissioner of Internal Revenue,* 646 F.2d 1185, 1186 (7th Cir.1981); *Nixon v. Individual Head of St. Joseph Mortgage Co.,* 615 F.Supp. 898, 900 (N.D.Ind. 1985); *Nixon v. Phillipoff,* 615 F.Supp. 890, 894 (N.D.Ind.1985).

■ Defendant Enterprise provided plaintiff with a check for $80,445 to purchase the property at 5934 Brookside Drive. As defined by § 3–104(f) of the Uniform Commercial Code (adopted in Georgia by O.C.G.A. § 11–3–104(2)(b)), a check is defined as "i) a draft other than a documentary draft, payable on demand and drawn on a bank or ii) a cashier's check or teller check." Inherent in its definition, a check is a promise to pay which can be taken by the bearer or indorsee and "cashed" or converted on demand into federal reserve notes equalling the value stated on the check. *Nixon v. Individual Head of St. Joseph Mortgage Co.,* 615 F.Supp. at 900. Since both Congress and the courts have found federal reserve notes to be legal tender, the court finds the check given to plaintiff by defendant Enterprise was backed by and redeemable in federal reserve notes, coins and lawful money of the United States.

Further, this contract was executed by two private parties, defendant Enterprise and plaintiff, both of whom agreed to its terms, including the annual interest rate on the loan. The Enterprise check apparently satisfied its ultimate recipient because plaintiff successfully purchased the Brookside Drive property. Thereafter, she made regular payments on the loan until the time of default. There is nothing in the pleadings to indicate the plaintiff failed to receive the benefit of her bargain.

■ Plaintiff's allegations of breach of contract, usury, fraud and racketeering are without merit. Defendant Enterprise loaned and risked actual legal money on which it properly charged interest. The actions taken after closing by Enterprise, or its successors, and their agents and attorneys were for the lawful purpose of collection of the indebtedness [1].

The court finds that under the allegations of this complaint plaintiff cannot prove any set of facts in support of her claims which

---

1. Plaintiff's complaint contains a prayer that defendant A Mortgage Company be prohibited from foreclosing on her home until this adversary is resolved. There are no allegations in the complaint that a foreclosure was eminent or threatened. Further, plaintiff did not seek emergency injunctive relief to delay or prevent a foreclosure sale. Plaintiff's failure to seek such relief ren-

ders the court powerless to affect any authorized foreclosure sale which may have taken place. *See Markstein v. Massey Associates, Ltd.,* 763 F.2d 1325, 1327 (11th Cir.1985); *In re Sewanee Land, Coal & Cattle, Inc.,* 735 F.2d 1294 (11th Cir. 1984); *In re Bleaufontaine, Inc.,* 634 F.2d 1383 (5th Cir. Unit B 1981).

would entitle her to relief. The issues raised by the plaintiff in her complaint are frivolous, irrational and completely contrary to the established contract and monetary laws of this country. Accordingly, it is

**ORDERED** that the adversary proceeding filed by plaintiff, Dorothea Harris Strickland, is **dismissed** with prejudice as to each and every defendant.

The clerk is directed to serve a copy of this order upon plaintiff and defendants' counsel.

IT IS SO ORDERED.