IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-51158
Summary Calendar

In the Matter Of: VILLAJE DEL RIO, LTD.

                                                        Debtors

-------------------------------------------------------------------------------------------------

VILLAJE DEL RIO, LTD.; GEORGE GEIS

                                                        Appellants

v.

COLINA DEL RIO, LP

                                                        Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1102-WWJ

Before JONES, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH H. JONES:[*]

The background of this case is convoluted but its disposition is clear.  The district court correctly dismissed the appeal from the bankruptcy court as moot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

Appellant Villaje del Rio ("Villaje") defaulted on a non-recourse note exceeding $26 million that it used to finance the construction of a multifamily apartment complex in San Antonio, Texas. Following the default, Colina del Rio ("Colina") purchased the note. Colina noticed a foreclosure sale, and Villaje sued Colina and Deutsche Bank, the original lender, in state court seeking a TRO to prohibit Colina from holding the sale.[1] Villaje also claimed a right of setoff against the mortgage note and a right of recoupment against Colina for damages Villaje suffered at the hands of Deutsche Bank.

After Villaje refused to post the bond upon which the TRO was conditioned (thus forfeiting the TRO), it filed for chapter 11 bankruptcy relief. Colina then removed the state court lawsuit to the bankruptcy court, which initiated an adversary proceeding.

Colina moved the bankruptcy court for an order allowing it to exercise its state-law right of foreclosure. The bankruptcy court concluded that Villaje was not entitled to setoff or recoupment and that Colina's request for a relief from the automatic bankruptcy stay was appropriate. Villaje's counsel then requested a stay pending appeal, which the bankruptcy judge stated he was inclined to give. But Villaje never formally requested a stay, and it did not appeal the relief order. Instead, it filed a motion for reconsideration that the bankruptcy court denied. Colina foreclosed on August 1, 2006, and purchased the property at auction.

In November 2006, Colina obtained summary judgment on Villaje's state-law recoupment and setoff claims. The bankruptcy court concluded Villaje was not entitled under Texas law to either setoff or recoup any damages Villaje may

---

[1]Villaje alleged Deutsche Bank tortiously interfered with Villaje's contract with the general contractor.

possibly be awarded against Deutsche Bank in the adversary proceeding against what it owed to Colina under the note.

The adversary proceeding continued against Deutsche Bank, while the judgment for Colina was certified for appeal. Villaje appealed to the district court, which granted Colina's motion to dismiss as moot because the property had already been sold in the foreclosure sale. Villaje then filed a motion for new trial under FRCP 59 and 60, which was denied. Villaje now appeals.

## DISCUSSION

Villaje makes two main arguments. First, it claims that the district court erred in applying the equitable mootness doctrine because a remedy could be fashioned if its legal claims proceeded against Colina.

Villaje's mootness argument lacks merit. A district court case almost directly on point explains the application of the mootness doctrine in this situation. See First Mortgage Atrium Bldg. v. Mut. Life Ins. of N.Y., 92 B.R. 202, 206-07 (E.D. Tex. 1988). Further, this court's consideration of a very similar scenario in Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp., 914 F.2d 731, 734 (5th Cir. 1990), reh'g 935 F.2d 723 (5th Cir. 1991), also disposes of the case. The factual distinctions are without a difference in this case. Both of those cases hold that equitable mootness exists and an appeal must be dismissed when a party attacking a bankruptcy order approving foreclosure fails to obtain a stay of the foreclosure pending appeal. Were it otherwise, the appellate courts would be able to reverse duly authorized foreclosures and create havoc in bankruptcy administration. Sullivan Cent., 914 F.2d at 734; see also 11 U.S.C. § 363(m). The courts apply mootness because we are unable to grant effective relief on appeal. Importantly, Villaje's goal, acknowledged in its brief, is to preserve its ability to recover the property by settling Colina's note through

3

damages it hopes to recover from Deutsche Bank. This is precisely the type of claim foreclosed by equitable mootness.

Villaje nevertheless asserts that a cause of action for wrongful foreclosure allows the possibility of such recovery. Villaje contends that neither the bankruptcy nor the district court addressed whether a wrongful foreclosure action based on claims unrelated to the termination of the automatic stay could be maintained by a debtor notwithstanding the foreclosure. Theoretically, this is correct. See Amer. Grain Ass'n v. Lee-Vac, Ltd., 630 F.2d 245, 248 (5th Cir. 1980); Matter of First Mortgage Atrium Bldg., 92 B.R. at 207 (court could refuse to rescind a foreclosure where no stay had been obtained but could also require bankruptcy court to make findings as to exact amount of mortgage debt owed).

The record before us does not support Villaje's contention, however. Villaje has not been deprived of its potential monetary recovery. Villaje's severed litigation against Deutsche Bank continued after its appeal of the judgment for Colina.[2] No claim Villaje may have against Colina has been foreclosed, but Villaje has never filed such a claim. No such claim was pending before the bankruptcy or district courts. The only claim alleged in the pleadings sought to prevent, by means of recoupment or setoff, Colina's foreclosure before it occurred. The fact that Villaje may maintain a residual but as-yet unlitigated and unarticulated money damage claim against Colina does not transform the present suit or appeal into an exception to the mootness doctrine.[3] Thus, the district court correctly concluded the appeal was moot.

---

[2]Villaje informs us that the bankruptcy court elected to remand this litigation back to state court following the foreclosure sale, noted in the next section, of Villaje's assets.

[3]We acknowledge Colina's admission in its brief that, "If Colina has liability independent of the claims against Deutsche Bank, the assertion of setoff and/or recoupment . . . is not necessary for a money damages claim directly against Colina [pursuant to Texas law]." Appellee's Br. 18-19.

In the alternative, Villaje argues that the district court should have abstained and remanded to state court because while its appeal was pending in the district court, Villaje's chapter 11 proceeding was converted to a chapter 7 in February 2007, Geis purchased Villaje's assets, including its legal claims, at an auction in May 2007, and thus the Villaje bankruptcy estate has no continuing interest in the case.[4] The district court was not required to abstain from issuing a mootness ruling, because abstention, provided for in 28 U.S.C. § 1334(c), does not apply to the court's exercise of appellate jurisdiction over bankruptcy court orders pursuant to 28 U.S.C. § 158(a). Edge Petroleum Operating Co. Inc. v. GPR Holdings, LLC, 483 F.3d 292, 301 (5th Cir. 2007). It also follows from the grant of statutory appellate jurisdiction to the district court that it had the power to adjudicate the appeal without restrictions arising from the conferral of original bankruptcy jurisdiction under 28 U.S.C. § 1334(a) and (b). There was no jurisdictional impairment to the district court's disposition of the appeal as moot.

## CONCLUSION

We AFFIRM the district court's dismissal of the appeal from the bankruptcy court.

---

[4]The district court never ruled on Geis's motion to substitute himself as a party, dismissing it as moot. This order is not challenged on appeal.